1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   THE ESTATE OF JASON ALDERMAN,      ) Case No.: 1:16-cv-0994 - DAD - JLT
     et al.,                            )
12                                       ) ORDER GRANTING DEFENDANTS' MOTION
                    Plaintiffs,          ) FOR AN ORDER COMPELLING NON-PARTY
13                                       ) WITNESS SAMANTHA HULL TO APPEAR FOR
           v.                            ) DEPOSITION AND PROVIDE REQUESTED
14                                       ) DOCUMENTS PURSUANT TO FEDERAL RULE
     CITY OF BAKERSFIELD, et al.,        ) OF CIVIL PROCEDURE 45
15                                       )
                    Defendants.          ) (Doc. 26)
16   _____ )

17         Plaintiffs are the family members and heirs of Decedent Jason Alderman. (Doc. 1 at 2)

18   According to Plaintiffs, Mr. Alderman "was shot in the back and side by Bakersfield Police Officers

19   without provocation or any attempt to de-escalate the situation by Officers Rick Wimbish and Chad

20   Garrett." (Doc. 14 at 2) Defendants deny any wrongdoing, and assert the officers' actions "Were

21   reasonable, appropriate, and in conformance with Bakersfield Police Department Rules and

22   Regulations, accepted police procedures, and the laws of the State of California and the United States

23   of America." (*Id.*)

24         The parties are currently engaged in discovery, and Defendants seek to compel the deposition

25   of Samantha Hull who "heard the events that give rise to this litigation." (Doc. 26-1 at 2) Plaintiffs

26   filed a notice of non-opposition to the motion. (Doc. 27) Ms. Hull did not respond. The Court found

27   the matter suitable for decision without oral arguments, and took the matter under submission pursuant

28   to Local Rule 230(g). For the following reasons, Defendants' motion to compel is **GRANTED**.

                                                   1

## I.       Scope of Discovery

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure. Rule 26(b) states in relevant part:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

## II.       Subpoenas for Deposition

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena may be issued requiring a nonparty to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). In addition, any party may serve a subpoena that commands a non-party "to produce documents, electronically stored information, or tangible things . . ." Fed. R. Civ. P. 45(a)(1)(C). Subpoenas are subject to the relevance requirements of Rule 26(b), and therefore may command the production of documents which "nonprivileged [and] . . . relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Once a nonparty has been properly served with a Rule 45 subpoena, the nonparty "may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule 45(c)(3)." *In re Plise*, 506 B.R. 870, 878 (2014) (citation omitted). If a nonparty serves a written objection to the subpoena, the party seeking the deposition must obtain a court order that directs the nonparty to comply with the subpoena. *Id.* (citations omitted). Even if a nonparty does not serve a written objection or move to quash, "the more prudent practice for the court is to issue such an order before entertaining a motion for contempt." *United States Sec. Exch. Comm'n. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (citation omitted).

///

2

### III.    Discussion and Analysis

Defendants assert that Samantha Hull "is an important witness to the incident which is the subject of this litigation and her testimony is crucial to the discovery of this case." (Doc. 26-1 at 2) Specifically, Defendants assert that Ms. Hull "heard the events that give rise to this litigation," and as a result "[h]er testimony is relevant regarding the timing and sequencing of events in dispute in this case." (*Id.*)

Defendants assert they have attempted to depose Ms. Hull three times since May 2017. (Doc. 26-1 at 2) However, according to Defendants, "Ms. Hull has twice failed to appear for deposition pursuant to properly issued subpoenas personally served upon her and has successfully evaded service of another subpoena." (*Id.*) Specifically, Defendants assert the first deposition was noticed for May 22, 2017, and Ms. Hull was served with the subpoena on May 4, 2017. (*Id.* at 2-3) When Ms. Hull failed to appear, the defendants re-noticed the deposition for July 5, 2017. (*Id.* at 3) Although the process server made "numerous trips to [her] residence and… numerous phone calls to Ms. Hull," service was not completed. (*Id.*) Defendants report: "Ms. Hull's deposition was again re-noticed for September 25, 2017, and a subpoena was issued along with a letter to Ms. Hull notifying her of her prior failure to appear and asking that she contact Defense counsel's office to arrange a convenient date if she was unable to appear on the September 25, 2017, date." (*Id.*) Ms. Hull was served with the subpoena, and "never contacted Defense counsel indicating she would be unable to appear for deposition." (*Id.*) Despite this, Ms. Hull again failed to appear for the deposition. (*Id.*)

According to Defendants, "Both parties agreed that testimony of Ms. Hull is necessary to the discovery of this case and both parties are frustrated by the numerous attempts to serve Ms. Hull and her continued disobedience of the subpoenas." (Doc. 26-2 at 4) Indeed, Ms. Hull has not served written objections to the subpoenas or moved to quash the subpoenas issued by Defendants. Further, review of the subpoenas indicates the items requested are relevant to the claims presented by Plaintiffs in this action. (*See* Doc. 26-2 at 7, 23) Accordingly, it appears, as Defendants assert, that a court order is necessary at this time for both parties to obtain relevant discovery in this action.

///

///

## IV. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' motion for an order compelling Samantha Hull to appear for deposition and provide the documents identified in the subpoena (Doc. 26) is **GRANTED**;

2. Samantha Hull is **ORDERED** to appear for disposition, and to provide documents identified in the subpoena, as noticed by Defendants; and

3. Defendants are authorized to bring a motion for contempt if Ms. Hull again fails to appear for deposition.

IT IS SO ORDERED.

Dated:   **October 19, 2017**              **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE