UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JASON ALDERMAN; JUDY EDENS, an individual; A.K., by and through his guardian ad litem NENA CHAVEZ; and S.A., by and through his guardian ad litem STEPHANIE ELLIOTT,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BAKERSFIELD; BAKERSFIELD POLICE DEPARTMENT; OFFICER CHAD GARRETT, an individual; OFFICER RICK WIMBISH, an individual; and DOES 1-50,<br><br>Defendants. | No. 1:16-cv-00994-DAD-JLT<br><br>ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE MONELL CLAIMS<br><br>(Doc. No. 41) |

Plaintiffs, the Estate of decedent Jason Alderman, A.K., by and through his guardian ad litem Nena Chavez, and S.A., by and through his guardian ad litem Stephanie Elliott, ("plaintiffs") brought this civil rights action against defendants the City of Bakersfield, Bakersfield Police Department, officer Chad Garrett ("officer Garrett"), and Officer Rick Wimbish ("officer Wimbish") (hereinafter jointly "defendants"). Following the Final Pretrial Conference held on July 16, 2018 (Doc. No. 40), defendants have moved to bifurcate the issue of the liability of officers Chad Garrett and Rick Wimbish from plaintiffs' *Monell* claims brought

1

against the City of Bakersfield for purposes of trial. (Doc. No. 41.) Plaintiffs filed an opposition on August 6, 2018. (Doc. No. 45.) Defendants filed a reply on August 9, 2018. (Doc. No. 46.) Having considered the parties' briefings and for the reasons explained below, the court will deny defendants' motion to bifurcate.

## BACKGROUND

This case involves the death of Jason Alderman ("decedent" or "Mr. Alderman"), who was shot by Bakersfield Police Department ("BDP") officer Chad Garrett on August 22, 2015. Officer Rick Wimbish was also present during the incident. Mr. Alderman was shot as he was attempting to exit a restaurant after breaking into it. Plaintiffs initiated this suit on July 11, 2016 and describe the six causes of action they have brought pursuant to 42 U.S.C. § 1983 and state law as follows: (1) violation of civil rights – 42 U.S.C § 1983; (2) violation of civil rights – *Monell* claim; (3) violation of civil rights – familial relationship; (4) violation of civil rights – familial relationship (*Monell*); (5) violation of California Civil Code § 52.1; and (6) wrongful death – negligence. (*See* Doc. No. 1 at 6–13.)

Notably, in the two years following the initiation of this action by the filing of the complaint, neither party has filed any dispositive motions.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 42(b) states that district courts "may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for purposes of convenience, avoiding prejudice, economy, or expediency. Fed. R. Civ. P. 42. "Rule 42(b) . . . confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also Estate of Lopez v. Suhr*, No. 15-CV-01846-HSG, 2016 WL 1639547, at *4 (N.D. Cal. Apr. 26, 2016) ("Rule 42(b) confers broad authority and gives the district court virtually unlimited freedom to try the issues in whatever way trial convenience requires.") (internal citations omitted). A district court's decision of whether to bifurcate a trial is reviewed for an

/////

2

abuse of discretion. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

The determination of whether to bifurcate a trial should be based on factors including "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *Green v. Baca*, 226 F.R.D. 624, 630 (C.D. Cal. 2005), *order clarified*, No. CV 02-204744MMMMANX, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005); *see also Clark v. I.R.S.,* 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009) (decision to bifurcate should be based on whether the issues are significantly different; whether the issues are tried before a jury or the court; whether discovery favors bifurcation; whether the evidence on the issues overlaps; and whether bifurcation will prejudice the party opposing the motion). "Absent some experience demonstrating the worth of bifurcation, separation of issues for trial is not to be routinely ordered." *Afshar v. City of Sacramento*, No. CIV S-04-1088LKKJFB, 2007 WL 779748, at *1 (E.D. Cal. Mar. 14, 2007) (internal quotations and citations omitted).

## DISCUSSION

The court is not persuaded that the benefits of bifurcation outweigh its potential complexities and likelihood of prejudice to plaintiffs. Defendants argue that the court should bifurcate the issue of the defendant officers' liability from the *Monell* claims to prevent evidence of prior shootings or lawsuits from unfairly influencing the question of whether the individual officers' use of force was reasonable in this instance. (Doc. No. 41-1 at 15–16.) Defendants also argue that "a finding of no liability on the party [sic] of individual officers will serve as a bar to consideration of any *Monell* issues against the employing municipality . . . ." (*Id.* at 16.) Finally, defendants argue that there is a significant risk of confusion and prejudice if the court were to simultaneously try both the individual liability and *Monell* claims. Each of these arguments are considered in turn below.

The use of limiting instructions has been recognized as an effective manner to prevent the jury's consideration of prejudicial evidence. The defense correctly contends that evidence of prior officer-involved shootings should not be considered in determining whether the individual officers' use of force was excessive in this instance. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th

Cir. 1993) (holding that evidence as to whether the police officer had previously shot anyone should have been excluded in the trial of a § 1983 action alleging excessive force, as the "question to be resolved was whether, objectively, his use of force had been excessive.")[1] However, the court can prevent the jury's consideration of prior officer-involved shootings in determining individual liability by giving limiting instructions. *See Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 806–07 (9th Cir. 2018) ("Though some of the evidence relevant to the *Monell* claims was irrelevant to individual liability, the district court's many limiting instructions cured any possible prejudice."); *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015) (district court's concern of permitting evidence implicating Rule 404(b) could "have been cured short of categorical exclusion by an appropriate limiting instruction."). "Ordinarily, a cautionary instruction is presumed to have cured prejudicial impact." *Dubria v. Smith*, 224 F.3d 995, 1002 (9th Cir. 2000). The court finds that the potential prejudice of evidence of prior officer-involved shootings can be cured by limiting instructions and thus, this argument does not weigh in favor of bifurcation.

Defendants' argument that plaintiffs will be unable to prevail on *Monell* claims without a finding of liability on the part of the individual officers in this case (Doc. No. 41-1 at 16) is subject to question under some recognized circumstances.

> [W]e explicitly rejected a municipality's argument that it could not be held liable as a matter of law because the jury had determined that the individual officers had inflicted no constitutional injury. If a plaintiff established he suffered constitutional injury by the City, the fact that individual officers are exonerated is immaterial to liability under § 1983.

*Gibson v. County of Washoe*, 290 F.3d 1175, 1186 n.7 (9th Cir. 2002) (internal quotations and citations omitted), *overruled on other grounds in Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012); *Fairley v. Luman*, 281 F.3d 913, 916–17 (9th Cir. 2002); *M.H. v. County of Alameda*, 62

---

[1] Evidence of prior complaints of excessive force against a defendant officer may not be admitted to prove character, but may be admissible to show that the municipality had "proof of knowledge" in the context of a *Monell* claim. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015).

4

F. Supp. 3d 1049, 1082, 1085 (N.D. Cal. 2014).

In this case, the court cannot conclude that plaintiff's *Monell* claims are solely premised on a theory that first require a finding of liability on the part of defendant officers Garrett and Wimbish. Because neither party engaged in any substantive pretrial motion practice, the court is limited to the allegations of plaintiff's complaint in identifying plaintiffs' theories of *Monell* liability. In that regard, the complaint alleges both policies of action and inaction by the City of Bakersfield that, if proven, may constitute constitutional injuries to plaintiffs independent of defendant officers Garrett and Wimbish. *See Fairley*, 281 F.3d at 917. For example, plaintiffs' complaint alleges that the City of Bakersfield engaged in misconduct in investigating decedent's death, including improperly withholding information from plaintiffs and backdating the autopsy report (Doc. No. 1 at ¶¶ 24–27) and that such misconduct was part of an official custom or policy (*id.* at ¶ 51–52). If proven, this allegation may suffice as the basis for an independent constitutional injury inflicted by the defendant City that is unaffected by potential exoneration of the individual officers. *See Fairley,* 281 F.3d at 916. This example alone warrants declining to bifurcate the trial, as exoneration of the individual officers in the first phase of a bifurcated trial would not preclude a jury verdict imposing *Monell* liability on the City in the second phase of the trial.

Without assurance that resolution of the first phase of the trial could be dispositive of the entire case, bifurcating the *Monell* claims from the individual claims appears to have no purpose other than resulting in duplicative proceedings undermining judicial economy. Defendants argue that there is a significant risk of confusion if the court were to simultaneously try both the individual liability and *Monell* claims, in part due to the multitude of facts relating to prior incidents of alleged officer impropriety. (Doc. No. 41-1 at 17–18). However, any confusion or prejudice that defendants may face can be combatted with limiting jury instructions and will certainly be less significant than precluding plaintiffs from presenting a theory of *Monell* liability for which the municipality may be liable, independent of the individual defendants.

/////

/////

For the reasons set forth above, defendants' motion to bifurcate the *Monell* claims (Doc. No. 41) for purposes of trial is denied.

IT IS SO ORDERED.

Dated: **August 28, 2018**

UNITED STATES DISTRICT JUDGE