UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JASON ALDERMAN; JUDY EDENS, an individual; A.K., by and through his guardian ad litem NENA CHAVEZ; and S.A., by and through his guardian ad litem STEPHANIE ELLIOTT,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BAKERSFIELD; BAKERSFIELD POLICE DEPARTMENT; OFFICER CHAD GARRETT, an individual; OFFICER RICK WIMBISH, an individual,<br><br>Defendants. | No. 1: 16-cv-00994-DAD-JLT<br><br>ORDER GRANTING STIPULATIONS<br><br>(Doc. Nos. 49, 53, 71) |

The jury trial in this action is scheduled to commence on September 11, 2018. On August 10, 2018, the undersigned issued a tentative pretrial order. (Doc. No. 47.) Thereafter, the parties filed various stipulations.

On August 20, 2018, the parties filed a stipulation addressing defendants' proposed motions *in limine* numbers 1, 2, 6, 8, 16, 17, 24, and 25. (Doc. No. 49.) On August 21, defendants filed motions *in limine* numbers 1–25. (Doc. No. 50.) The parties' stipulation provides as follows:

/////

1. No party shall make any reference to, introduce evidence of, or make any argument that the Bakersfield Police Department is "America's Deadliest Police Force";
2. No party shall make reference to, introduce evidence of, or make any argument relating to any settlement reached on behalf of defendants in any other lawsuit;
3. No party shall make reference to, introduce evidence of, or seek to admit the recent report issued by the American Civil Liberties Union ("ACLU") pertaining to the Bakersfield Police Department and its policies and practices;
4. No party shall make reference to, introduce evidence of, or make any argument relating to the City of Bakersfield and/or Bakersfield Police Department defending and indemnifying its police officers;
5. No party shall use the terms "murderer" or "killer";
6. No party shall use the term "murder";
7. Non-party witnesses will be excluded from the courtroom;
8. No party will make any "Golden Rule Argument."

On August 28, 2018, the parties filed another stipulation, this one seeking dismissal with prejudice of plaintiffs' fifth cause of action for violation of California Civil Code § 52.1. (Doc. No. 53.)

On September 4, 2018, the parties filed an additional stipulation addressing the levels of THC and BAC found to be in Jason Alderman's ("decedent") body at the time of his death. (Doc. No. 71.) In that document it is stipulated between the parties that at the time of decedent's death:

1. The concentration of Delta-9 THC, which is an active ingredient in marijuana, in Jason Alderman's blood was 110 ng/ml;
2. The concentration of Delta-9 carboxy THC, which is the inactive metabolite of marijuana, in Jason Alderman's blood was 27 ng/ml;
3. The blood alcohol level ("BAC") in Jason Alderman's blood was .172.

/////
/////

Good cause appearing, and the parties having so stipulated, it is hereby ordered that:

1. The parties' stipulation addressing defendants' proposed motions *in limine* numbers 1, 2, 6, 8, 16, 17, 24, and 25 (Doc. No. 49) is granted;
2. The parties' stipulation that plaintiffs' fifth cause of action for violation of California Civil Code § 52.1 be dismissed with prejudice (Doc. No. 53) is granted;
3. The parties' stipulation as to the levels of THC and BAC in decedent's body at the time of his death (Doc. No. 71) is granted.[1]

IT IS SO ORDERED.

Dated: **September 6, 2018**

_____
UNITED STATES DISTRICT JUDGE

---

[1] The parties may advise the court on the first day of trial how they propose informing the jury of these facts to which they have stipulated.