UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JASON ALDERMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BAKERSFIELD, et al., <br><br> Defendants. | No. 1:16-cv-00994-DAD-JLT <br><br> ORDER GRANTING PETITION FOR MINOR'S COMPROMISE <br><br> (Doc. No. 88) |

On January 8, 2019, plaintiffs A.K. and S.A., by and through their guardians ad litem, filed a petition for approval of a compromise of their claims against defendants. (Doc. No. 88.) On January 9, 2019, defendants filed a statement of non-opposition to the petition. (Doc. No. 89.) Having reviewed the parties' submissions, the court deems the petition suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons that follow, the court will grant the petition.

**BACKGROUND**

This case arose from a shooting that occurred on August 22, 2015 in Bakersfield, California. (Doc. No. 88 at 2.) On that date, at approximately 11:22 p.m., Jason Alderman was shot and killed by Bakersfield Police Department officers Wimbish and Garrett as he was attempting to exit a Subway restaurant located at 1215 Olive Drive. (*Id.*) The plaintiffs—including A.K. and S.A., Mr. Alderman's minor children—allege that defendants used excessive

1

| | |
|---|---|
| 1 | force against Mr. Alderman. (*Id.*) On the eve of trial, the parties to this case reached a settlement |
| 2 | agreement. (*Id.* at 3.) Under the terms of the agreement, defendants will pay plaintiffs a total of |
| 3 | $100,000. (*Id.*) Of that amount, $25,000 will be awarded to plaintiffs' counsel as attorneys' fees, |
| 4 | with costs totaling an additional $24,275.85. (*Id.* at 4.) This leaves a total recovery to plaintiffs |
| 5 | of $50,724.15, which will be allocated to plaintiff Judy Edens (Mr. Alderman's mother) and to |
| 6 | A.K. and S.A. (*Id.*) Specifically, plaintiff Edens will be awarded $5,000.01, while plaintiffs A.K. |
| 7 | and S.A. will each receive $22,862.07. (*Id.* at 5.) |

## LEGAL STANDARD

As this court has previously noted, it has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). Where a settlement involves state law claims, federal courts generally are guided by state law. *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). A settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable

expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and her attorney. *See* Local Rules 202(b)–(c).

**DISCUSSION**

Plaintiffs' petition avers that the settlement amount awarded to A.K. and S.A. is reasonable in light of the facts of this case. Significantly, the petition points out that according to defendants' allegations, the decedent had broken into the Subway restaurant prior to being shot. (Doc. No. 88 at 4.) Moreover, he was observed carrying an object that appeared to be a gun, although in fact it was a metal car jack that had been used in the attempt to rob the restaurant. (*Id.*) These facts make it plausible to assume that plaintiffs' recovery at trial could have been severely reduced even if a verdict in their favor was obtained. This weighs in favor of granting plaintiffs' petition.

In addition, the undersigned finds that the recovery to the minor plaintiffs in this case is commensurate with minor's compromises that have been approved in similar cases. *See Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (recommending approval of a minor's compromise of $15,000.00 to a plaintiff whose father died after being denied medication while in custody), *report and recommendation adopted*, 2013 WL 552386 (E.D. Cal. Feb. 12, 2013); *Doe ex rel. Scott v. Gill*, Nos. C 11–4759 CW, C 11–5009 CW, C 11–5083 CW, 2012 WL 1939612 (N.D. Cal. May 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in a § 1983 case involving the shooting and killing of plaintiff's mother by police officers)*; Swayzer v. City of San Jose*, No. C10–03119 HRL, 2011 WL 3471217 (N.D. Cal. Aug. 5, 2011) (approving minor's compromise for net amount of $2,054.17 in a § 1983 case involving the alleged wrongful death of plaintiff's father during his arrest)*; see also Estate of Lopez v. Fresno Cmty. Hosp.*, No. 1:07-cv-0752-AWI-DLB, 2010 WL 502704 (E.D. Cal. Feb. 8, 2010) (approving minor's compromise for net amount of $16,601.92 in case involving death of plaintiff's mother)*; De Aguilar v. N. R.R. Passenger Corp.*, No. 1:02-cv-

06527-LJO-GSA, 2009 WL 1035221 (E.D. Cal. Apr. 17, 2009) (approving minor's compromise for net amount of $10,618.23 in case involving death of minor plaintiff's step-father). The amount the minor plaintiffs will recover in this case pursuant to the settlement reached by the parties is slightly above the recovery in the cases cited above.

For these reasons, plaintiffs' petition for approval of minor's compromise (Doc. No. 88) is granted.

IT IS SO ORDERED.

Dated: **February 20, 2019**

UNITED STATES DISTRICT JUDGE